## WILLIAM BETHEL *v.* GEORGE H. VANMETER.

### Indemnity Bond and Judicial Sale.

The execution of an indemnity bond before the sale of personal property levied upon and claimed by another than the execution defendant is not a bar to an action by the owner to recover his property, but in addition to his right to recover the bond gives him an additional remedy.

## APPEAL FROM HARDIN CIRCUIT COURT.

### October 8, 1878.

OPINION BY JUDGE HINES:

Appellant, having an execution against McGabe, caused it to be levied upon a crop of corn, a portion of which was claimed by the appellee. The officer refused to proceed with the sale until appellant had executed a bond of indemnity. At the sale appellant and one Smith purchased the corn, whereupon appellee instituted this action to recover it or its value. Appellant relied upon the execution of the bond as a bar to the action for the recovery of the specific property, and a demurrer being sustained to that portion of the answer a verdict and judgment was rendered for the return of the corn, or in default thereof, for the sum of $120, its value, with interest and $15 damages for its retention.

Appellant insists that the execution of the bond mentioned in Secs. 709 and 711 of Myers' Code, being the same as 641 and 642 of the present code, operates to divest the claimant of all title to the property and compel him to resort to the bond for the recovery of damages for the loss.

Such a construction is not authorized by the language of those sections. The provision required to be contained in the bonds by which the purchaser receives a warranty to such an estate or interest as is sold, and the provision expressly releasing the officer from liability for the levy and sale, clearly manifest the intention to give the purchaser a remedy upon the bond in case the property should be taken from him by superior title and to leave the officer without embarrassing and vexatious suits in the discharge of his official duties. A warranty of title to the purchaser would be without meaning unless it were intended to provide for such an emergency.

However, whether or not such is the intention manifested by the law is immaterial, since the owner cannot be divested of his title by any such summary proceeding. Such an act of the legislature would be in palpable violation of the fundamental law, and therefore inoperative. These provisions of the code, instead of attempting to deprive the owner of the property of the right to sue for its specific recovery, gives him an additional remedy upon the bond.

There is no substantial error in admitting testimony or in granting instructions. Wherefore the judgment is *affirmed*.

*Wilson & Hobson, for appellant.    A. B. Montgomery for appellee.*